IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEBORAH L. GREENE,

    Petitioner,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

_____/

No. CIV S-99-1628 FCD CMK

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her conviction of assault with a firearm and use of a firearm. She claims that her constitutional rights were violated because there was insufficient evidence to support the verdict against her.

I.    Background[1]

Petitioner's underlying conviction stems from an incident at the Red Bluff City Park. Debra Lerch was at the park with her father and three-and-a-half-year-old niece. When Ms. Lerch began videotaping her niece feeding ducks, petitioner approached and began screaming about the video equipment. Ms. Lerch turned off the camera, and petitioner continued

---

[1] A more detailed statement of facts is contained in the unpublished opinion of the Third District Court of Appeal. (Answer, Ex. C.)

to yell, but gathered up her belongings and left. Petitioner returned about fifteen minutes later, parked behind Ms. Lerch, and wrote down her license plate number.

When Ms. Lerch left the park a few minutes later, in her car, she observed petitioner's car following close behind. Ms. Lerch eventually stopped in a parking lot. When she stepped out of her car to record petitioner's license plate number, a second altercation ensued. After a verbal exchange about the videotaping, petitioner pulled out small, black gun and brandished it at Ms. Lerch. Petitioner made comments about knowing how to use the gun; played with the chamber; and again pointed it at Ms. Lerch again. Ms. Lerch asked her father to call 911. As Ms. Lerch turned toward her father, she felt petitioner's car bumper on her knee. Petitioner then backed up and drove away; a young girl held the gun out the front passenger window, pointed at Ms. Lerch's head.

A Tehema County Sheriff's Deputy located petitioner's car in an area where it appeared to have been concealed in tall weeds. Petitioner admitted to the altercation with Ms. Lerch at the park and following her to the parking lot. Petitioner denied striking Ms. Lerch with her car.

Petitioner testified at trial, explaining that the altercation in the park arose from a child custody dispute with her ex-husband. Petitioner was upset because she believed that she and her daughter were being filmed by Ms. Lerch. Petitioner stated that she wished to have a description of Ms. Lerch's car in case the video tape was used against petitioner in court. Petitioner denied exhibiting a firearm at any time during the altercation.

///
///
///
///
///
///

II.     Standards for Granting Habeas Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d) (referenced herein in as " § 2254(d)" or "AEDPA). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir.2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim). Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). See Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir.2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable

3

application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. See Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir.2002), cert. dismissed,538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir.2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.  It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir.1999).

III.     Arguments and Analysis

Petitioner claims that there was insufficient evidence to support her conviction. Petitioner points out that the jury convicted her on count one(assault with a firearm) but not on the count two (assault with an automobile). She contends that, because both counts were based on the testimony of the same witnesses and she was only convicted of one count, that the evidence supporting count one is insufficient.

4

1   Petitioner presented this claim on direct appeal to the Third District Court of
2   Appeal, but did not file a timely petition for review in the Supreme Court of California.
3   Petitioner challenged the sufficiency of the evidence in three petitions for a writ of habeas corpus
4   filed in the Supreme Court of California. (Exs. E, G, I.)  The three petitions, which contain other
5   claims for relief as well, were denied without a reasoned decision but with citations to In re
6   Lessard, In re Dixon, (Answer, Ex. F.) and In re Swain, In re Waltreus, In re Miller, (Answer, Ex
7   H) and In re Clark, In re Clark, In re Waltreaus, In re Miller, and In re Lessard.  (Answer, Ex. J.)
8   Respondents contend that petitioner's insufficiency of counsel claim is barred by
9   procedural default.  The California Supreme Court denied petitioner's petitions with citation to
10  cases which indicate that her claim was procedurally defaulted.  However, because the California
11  Supreme Court did not identify which of petitioner's habeas claims were barred by which specific
12  procedural rule, the state court ruling is ambiguous and, therefor, inadequate to preclude federal
13  review.  See Koerner v. Grigas, 328 F.3d 1039, 1051 (9th Cir. 2003.)  Accordingly, the court
14  considers the merits of petitioner's claim.
15  In order to prevail on a claim of insufficiency of the evidence, a petitioner must
16  show that no rational trier of fact could have found the essential elements of the crime charged
17  beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Windham v.
18  Merkle, 163 F.3d 1092, 1101 (9th Cir. 1998).  A reviewing court must consider the evidence as a
19  whole and in a light most favorable to the prosecution.  See Jackson, 443 U.S. at 319.  If the
20  record supports conflicting inferences, it must be presumed that the trier of fact resolved any
21  conflicts in favor of the prosecution, and a reviewing court must defer to that resolution.  See id.;
22  Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992).
23  The last reasoned state court decision is that of the Third District Court of Appeal,
24  which held that there was sufficient evidence to support petitioner's conviction.  See e.g., Avila,
25  297 F.3d at 918 (stating that the court will look to the last reasoned state court decision in
26  determining whether the law applied to a particular claim by the state courts was contrary to the

law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred). The Court of Appeal reasoned that there was ample evidence to support petitioner's conviction for assault with a firearm, finding:

> Assault with a deadly weapon such as a firearm (internal citations omitted) like simple assault, is an attempt coupled with present ability...Thus, attempting to draw a loaded gun, or drawing it without aiming it, aiming it without firing it, or firing it without intent to hit may be sufficient even though the intended harm is thwarted. (internal citations omitted).
>
> Assault with a firearm is a general intent crime and defendant's intent is determined by the character of his or her willful conduct considered in conjunction with its direct and probable consequences. (internal citations omitted). Criminal law "sanctions the initiation of force or violence–the assault–because it directly and immediately culminates in injury–the battery." (internal citations omitted). "The pivotal question is whether the defendant intended to commit an act likely to result in such physical force, not whether he or she intended a specific harm...(internal citations omitted).
>
> We conclude that there is sufficient evidence to sustain the jury's finding of the requisite general intent. The evidence shows that defendant aimed a loaded gun at Ms. Lerch from a distance of 15 to 20 feet. Defendant told Lerch that she knew how to use a gun. She then "fiddled with the chamber" and pointed the gun at Lerch a second time. From this record the jury could reasonably infer defendant willfully committed an act likely to result in force or violence.

(Answer, Ex. C at 4-6.)

Given that the jury convicted petitioner, it is obvious that the jury believed the testimony regarding the assault with a firearm. The credibility of the testimony on this issue is beyond the scope of habeas review. See Schlup v. Delo, 513 U.S. 298, 330 (1995). It is of little consequence that petitioner was found guilty of count one but not of count two—the two counts were based on different evidence. The court finds that the Court of Appeal's determination that there was sufficient evidence to support petitioner's conviction is neither contrary to nor an unreasonable application of federal law. Accordingly, the court recommends that this claim be denied.

///
///
///
///

IV.     Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2006.

　　　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE